## (June 11, 1984)

1 BERNICE AMES, Respondent, v BOB AMES, Also Known as IRVING AMES, Defendant. FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Appellant. — In a matrimonial action, nonparty First American Title Insurance Company appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated November 21, 1983, which directed, *inter alia,* Preferred Land Services, Inc., and First American Title Insurance Company to deliver to plaintiff's law firm the sum of $103,305.25 presently being held in escrow by the insurance company and directed the said law firm to make distribution of said moneys. ¶ Order modified, by deleting the third and fourth decretal paragraphs and by substituting therefor the following: ¶ "ORDERED that Preferred Land Services, Inc. and the First American Title Insurance Company of New York pay, satisfy, discharge or otherwise dispose of the judgments and liens set forth in the parties' escrow agreement dated August 11, 1983, out of the moneys presently being held in escrow by them; and it is further ¶ "ORDERED that Preferred Land Services, Inc. and the First American Title Insurance Company of New York deliver to the law firm of Fink, Weinberger,

Fredman, Berman & Lowell, P.C., 235 Main Street, White Plains, New York, the balance of the moneys remaining after the satisfaction of the above judgments and liens which sum the said law firm shall retain and/or distribute in accordance with the order of the Supreme Court, Westchester County (Coppola, J.), dated August 2, 1983, and it is further". ¶ As so modified, order affirmed, without costs or disbursements. ¶ The plaintiff, Bernice Ames, was the wife of the defendant Bob (Irving) Ames. Their divorce action was tried in two parts. The first trial was held in 1981 and concerned itself with the defendant's counterclaim for a constructive trust on the former marital residence which was held solely in the plaintiff's name. The defendant prevailed and an interim order was entered granting him a constructive trust. ¶ In 1982, a second trial was held whereby the wife was granted a divorce. The parties' divorce judgment, dated May 14, 1982, provided, *inter alia,* for the constructive trust and directed the plaintiff to execute a deed conveying an undivided one-half interest in the property to the defendant. The defendant did not record the deed. ¶ The plaintiff put the premises on the market and entered into a contract of sale with prospective purchasers who retained Preferred Land Service, Inc., and the First American Title Insurance Company to insure good title to the property. ¶ The title company's search revealed the notice of pendency filed by the defendant in connection with his constructive trust action and an "order to show cause filed in miscellaneous papers, Liber 57 page 775 states that an order of judgment dated May 14, 1982 awarded Bob (Irving) Ames an undivided ½ interest in the property". In addition, the search revealed seven judgments and tax liens of record against the defendant, including one in favor of plaintiff and one in favor of her attorney. ¶ In the meantime, because certain of the defendant's creditors were seeking to collect on notes signed by both of the parties, the plaintiff moved for reconsideration of the grant of the constructive trust and, *inter alia,* for an order prohibiting her former husband from recording his deed to the property. The plaintiff's application resulted in a court order dated August 2, 1983, which made no mention of whether the defendant could record the deed but did direct the parties to cooperate fully in effecting the imminent sale of the property. ¶ During the closing of title to the former marital residence the parties entered into a written escrow agreement which provided, *inter alia,* for the retention of $103,305.25 by the title company and the payment of itemized judgments and liens of record against the defendant Bob (Irving) Ames if they were not satisfied by a specific date. The escrow agreement was executed on August 11, 1983. Some six days later, the plaintiff wife moved for an order directing the title company to pay the escrow moneys over to her attorneys so that the defendant husband's share of the proceeds of the sale could be distributed in accordance with prior court orders which had awarded her monetary relief against her husband. Special Term ordered that such a distribution be made. ¶ As noted above, the husband's share of the proceeds of sale emanates from the parties' divorce judgment wherein said defendant was awarded an undivided one-half interest in the property pursuant to his counterclaim for a constructive trust and the plaintiff wife was directed to execute a deed conveying that interest. As part of his counterclaim, the defendant had filed a notice of pendency against the subject property. Its search having revealed the existence of the notice of pendency as well as the divorce judgment granting the defendant an undivided one-half interest in the property the title company advised all concerned that even though plaintiff Bernice Ames was the sole record owner (defendant never having recorded the deed to him), it would not insure good title to its clients, the purchasers, unless the defendant Bob (Irving) Ames became a grantor on the deed. With defendant as a grantor, it became incumbent upon the title company to see that any

judgments or liens of record against him were satisfied or adequately provided for. Consequently, the escrow agreement came into being. ¶ We find no merit to plaintiff's claim that said escrow agreement was entered into under duress. Likewise, we find no merit to the plaintiff's assertion of prejudice. Pursuant to the parties' May 14, 1982 divorce judgment, the plaintiff was directed to execute and deliver a deed conveying an undivided one-half interest in the marital residence to the defendant. For reasons known only to the defendant that deed was not recorded. If the deed had been recorded, there is no doubt that the property could not have been conveyed without the defendant's signature and further that no title insurance company could have insured good title to a purchaser in the face of the outstanding judgments and liens of record against the defendant. Accordingly, Special Term erred when it refused to enforce the written understanding of the parties and released the escrow moneys contrary to the terms and conditions of the escrow agreement. ¶ We have considered the remaining contentions of the plaintiff and find them to be without merit. Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.